UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

THEODORE THOMPSON,     )  1:05CV2750
                            )
       Petitioner     )  JUDGE PATRICIA GAUGHAN
                            )  (Magistrate Judge Kenneth S. McHargh)
       v.               )
                            )
JULIUS WILSON,         )
       Warden      )
                            )
       Respondent    )  REPORT AND RECOMMENDED
                            )  <u>DECISION OF MAGISTRATE JUDGE</u>

McHARGH, MAG. J.

The petitioner Theodore Thompson ("Thompson") has filed a petition pro se

for a writ of habeas corpus regarding his 2005 guilty plea on charges of drug

trafficking in the Cuyahoga County, Ohio, Court of Common Pleas.  The named

respondent is Julius Wilson, Warden of Richland Correctional Institution.  The

petition is based on two grounds, specifically:

> 1.  Petitioner was denied due process and equal protection of the law,
> when the trial court did not inform him of his appellate rights and his
> subsequent application for leave to file a delayed appeal was denied, in
> violation of the Fourteenth Amendment to the United States
> Constitution.

> 2.  Petitioner has been denied effective assistance of counsel as
> provided for by the Sixth Amendment of the United States
> Constitution.

(Doc. 1, at 2-3.)

The respondent contends that the petition should be denied because Thompson's claims were not fairly presented to the state courts.  (Doc. 9, at 6, 12-13.)  Thompson has filed a traverse.  (Doc. 12.)

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On Dec. 6, 2001, Thompson was indicted by a grand jury on three counts:  1) Possession of drugs (Cocaine) in violation of Ohio Rev. Code § 2925.11, with major drug offender and firearm specifications pursuant to Ohio Rev. Code § 2941.141; 2) Drug trafficking, in violation of Ohio Rev. Code § 2925.03, with major drug offender and firearm specifications pursuant to Ohio Rev. Code § 2941.141; and, 3) Possession of criminal tools, in violation of Ohio Rev. Code § 2923.24, with a firearm specification pursuant to Ohio Rev. Code § 2941.140.   (Doc. 9, RX 1.)

On Jan. 25, 2002, Thompson entered a plea of guilty to Amended Count Two, Drug trafficking in cocaine in an amount exceeding 1,000 grams, in violation of Ohio Rev. Code §§ 2925.03(A) and (C)(4)(g).  The remaining counts were nolled. That same date, Thompson was sentenced to a term of ten years imprisonment, pursuant to Ohio Rev. Code § 2925.03 (C)(4)(g), less credit for jail time, and post-release control for a term of five years.  (Doc. 9, RX 2-3.)

Thompson spoke with his counsel immediately before the sentencing hearing, but at the hearing itself he was represented by counsel for his co-defendant.  (Doc. 15, Thompson aff., at 1-2; doc. 9, at 2.)  Thompson avers that his own counsel "never

2

fully explained my rights.  He did not mention anything about my right to appeal

anything or under what conditions I could appeal."  (Doc. 15, at 2.)

Thompson also avers:

The judge did not tell me anything about any of my rights to appeal,
nor did he say anything about my right to the appointment of appellate
counsel.

 (Doc. 15, at 2; see generally doc. 9, RX 3, transcript of sentencing hearing.)

On May 6, 2005, Thompson filed a motion for leave to file a delayed appeal

under Ohio App. R. 5(A).  (Doc. 9, RX 4-5.)  Thompson asserted that the delay was

"the direct result of trial court's failure to inform defendant-appellant of his right to

appeal and that but for the deficiency of defendant-appellant's counsel, he would

have timely appealed."  (Doc. 9, RX 5, at 2.)

In his motion for leave, Thompson proposed six assignments of error:

1.  The trial court erred when it sentenced the appellant to a sentence
which was above the maximum sentence. The appellant had never
served any prison term. Therefore, the defined maximum sentence in
this case is three years. An obvious violation of the defendant's Sixth
Amendment rights has occurred, as especially held under, State v.
Comer, 793 N.E.2d 473, Apprendi v. New Jersey, 120 S.Ct. 2379,
Blakely v. Washington, 124 S.Ct. 2531 (2004), State v. Bruce,
2005-Ohio-373, State v. Montgomery, 2005-Ohio-1018.

2.  The trial court erred in sentencing the appellant as a Major Drug
Offender. The plea agreement waived all specifications, including the
MDO specification, creating a breach of the plea agreement contract
when the MDO was applied. This was an abuse of discretion by the
trial court and a violation of [the] Fifth Amendment.

3.  The Major Drug Offender (MDO) statute of the Ohio Revised Code
is a direct conflict of law in that the enhancement is an
unconstitutional enhancement as applied to appellant's rights under
law. Sixth Amendment principles must apply to the Ohio Revised

3

Code. Failure of the Code to protect its citizens' rights is a violation of the Fourteenth Amendment.

4.  The sentence was contrary to law in that the court in that the appellant was not given the option of having relevant findings proved at a sentencing hearing held before a jury. Appellant's Sixth and Fourteenth Amendment rights were infringed upon as he was denied due process by being denied the right to have a jury sit at sentencing.

5.  Appellant was deprived of his procedural due process rights under the Fourteenth Amendment by being denied a forfeiture hearing. Appellant's Eighth Amendment rights against excessive fines were also violated when the court erred in ruling that he had agreed to a voluntary forfeiture when, in fact, the record will show that the defendant never waived his rights to a forfeiture hearing. Also, Fifth Amendment protection against Double Jeopardy may have been abused because a forfeiture is considered an additional form of punishment and the appellant was denied forfeiture of property without due process.

6.  Trial counsel provided ineffective assistance of counsel which prejudiced the appellant with his deficient performance during the criminal proceedings, including counsel's nonappearance at the sentencing hearing and the subsequent failure to object to any sentencing irregularities and deficiencies which brought undue harm to the appellant. The appellant's guilty plea was induced by counsel's erroneous advice. According to the Sixth Amendment, the appellant has the right to effective counsel at every stage of the judicial process.

(RX 5, at 7-9.)  The court of appeals denied leave to appeal in a summary ruling on June 6, 2005.  (Doc. 9, RX 6.)

On July 5, 2005, Thompson appealed to the Supreme Court of Ohio.  He set forth the following two propositions of law:

1.  When a defendant is not informed by the trial court or counsel of his right to appeal he is denied due process and equal protection of the law, in violation of the Fourteenth Amendment to the United States Constitution.

4

> 2.  When trial counsel fails to ensure that a defendant is properly instructed as to his right to appeal, and fails to ensure that a timely notice of appeal is filed, appellant is denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article One, Sections Ten and Sixteen of the Ohio Constitution.

(Doc. 9, RX 8.)  The court denied leave to appeal on Oct. 5, 2005, and dismissed the appeal as not involving any substantial constitutional question.  (Doc. 9, RX 10.)

Thompson filed this petition for a writ of habeas corpus on Nov. 28, 2005.[1] (Doc. 1.)  With leave of court, Thompson has filed an affidavit in support of his petition.  (Doc. 15.)

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2)

_____

1The respondent does not argue that the statute of limitations bars the petition, in light of the fact that Thompson was not properly advised of his appellate rights.  See doc. 9, at 8-10, citing DiCenzi v. Rose, 419 F.3d 493 (6th Cir. 2005), amended by 452 F.3d 465 (6th Cir. 2006).

5

> "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases."  Williams, 529 U.S. at 405.  See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Thompson has filed his petition pro se.  The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed.  Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)).  Other than that, no special treatment is afforded litigants who decide to proceed pro se.  McNeil v. United States, 508 U.S. 106, 113 (1993)

6

(strict adherence to procedural requirements); <u>Jourdan v. Jabe</u>, 951 F.2d 108 (6th Cir. 1991); <u>Brock v. Hendershott</u>, 840 F.2d 339, 343 (6th Cir. 1988).


### III.  EXHAUSTION AND PROCEDURAL DEFAULT

The respondent contends that the petition should be denied because Thompson's claims were not presented to the state courts.  (Doc. 9, at 6, 12-13.)

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Buell v. Mitchell</u>, 274 F.3d 337, 349 (6th Cir. 2001) (citing <u>Coleman v. Mitchell</u>, 244 F.3d 533, 538 (6th Cir.), <u>cert. denied</u>, 534 U.S. 977 (2001)).  The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims.  <u>Rust v. Zent</u>, 17 F.3d 155, 160 (6th Cir. 1994) (citing <u>Manning v. Alexander</u>, 912 F.2d 878, 881 (6th Cir. 1990)).  A petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules.  <u>Coleman</u>, 501 U.S. at 731-732; <u>Buell</u>, 274 F.3d at 349.

Where a state court has failed to address a prisoner's federal claim(s) because the prisoner failed to meet a state procedural requirement, the state judgment rests on independent and adequate state procedural grounds, barring federal habeas relief.  <u>Coleman</u>, 501 U.S. at 729-730; <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977); <u>Morales v. Coyle</u>, 98 F.Supp.2d 849, 860 (N.D. Ohio 2000).  Thus, where a state prisoner has procedurally defaulted his federal claims in state court, habeas review of those claims is barred "unless the prisoner can demonstrate cause for the default

7

and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  Buell, 274 F.3d at 348 (quoting Coleman, 501 U.S. at 750).

The court considers four factors to determine whether a claim has been procedurally defaulted:  (1) the court must determine whether there is a state procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal claim; and, (4) the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error.  Buell, 274 F.3d at 348 (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)); Jacobs v. Mohr, 265 F.3d 407, 417 (6th Cir. 2001) (quoting Maupin).


## IV.  DUE PROCESS VIOLATION

The first ground of the petition is:

Petitioner was denied due process and equal protection of the law, when the trial court did not inform him of his appellate rights and his subsequent application for leave to file a delayed appeal was denied, in violation of the Fourteenth Amendment to the United States Constitution.

(Doc. 1, at 2.)  Under Ohio law, a defendant who pleads guilty to a felony may appeal as a matter of right the sentence imposed on one of several grounds[2] specified in the statute.  Ohio Rev. Code § 2953.08(A).  Federal courts have found that "due process is offended when a defendant who pled guilty is kept completely ignorant of his appellate rights."  See, e.g., Wolfe v. Randle, 267 F.Supp.2d 743, 746 (S.D. Ohio 2003) (citing Peguero v. United States, 526 U.S. 23 (1999); White v. Johnson, 180 F.3d 648, 652 (5th Cir. 1999)).  Although "a defendant is not necessarily denied a constitutional right when a state court denies a request for a delayed appeal, . . . due process rights are implicated when a delayed appeal is the result of a lower court's failure to ensure that an indigent defendant's appellate rights are protected."  Wolfe, 267 F.Supp.2d at 747.

Thompson did not attempt to raise his due process claim as a discrete claim before the Ohio Court of Appeals when he filed his motion for leave to file a delayed appeal.  See generally doc. 9, RX 5, at 7-9 (listing six assignments of error). Thompson points out that his motion for leave contained only proposed assignments of error, and that he was not required to brief errors in that motion.   (Doc. 12, at 10-11.)  Nonetheless, because the claim was not raised, it is likely it would be barred by the Ohio rule of res judicata.  Lott v. Coyle, 261 F.3d 594, 611-612 (6th Cir. 2001), cert. denied, 534 U.S. 1147 (2002); Rust, 17 F.3d at 160-161; State v.

_____

2Several of the grounds have been impacted by the Supreme Court of Ohio's recent decision in State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), cert. denied, 127 S.Ct. 442 (2006).

Szefcyk, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996) (syllabus); State v. Perry, 10 Ohio St.2d 175, 176, 226 N.E.2d 104, 105-106 (1967) (syllabus, ¶9).  Res judicata would bar Thompson from litigating an issue that was raised or could have been raised on direct appeal.  Perry, 10 Ohio St.2d at 180, 226 N.E.2d at 108.

Although Thompson attempted to raise the claim regarding the trial court's failure to inform him of his appellate rights in his appeal to the Supreme Court of Ohio, that court does not consider a constitutional question which was not raised and argued in the lower courts.  Leroy v. Marshall, 757 F.2d 94, 99 (6th Cir.), cert. denied, 474 U.S. 831 (1985); Adams v. Bradshaw, 484 F.Supp.2d 753, 769 (N.D. Ohio 2007); State v. Phillips, 27 Ohio St.2d 294, 302, 272 N.E.2d 347, 352 (1971). Thompson can no longer raise this claim in state court, as it would be barred on the basis of res judicata.  Leroy, 757 F.2d at 99.

The Ohio rule of res judicata satisfies the first three factors in Maupin. Jacobs, 265 F.3d at 417.  The fourth factor is that the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error.  "Cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" which impeded the petitioner's efforts to comply with the state's procedural rule. Coleman, 501 U.S. at 753 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

In this case, cause for Thompson's failure to file a timely appeal is the "trial court's failure to inform defendant-appellant of his right to appeal," combined with counsel's failure to advise him of his appellate rights.  (Doc. 9, RX 5, at 2.)  As

10

mentioned earlier, the state court of appeals denied Thompson's motion for leave to file a delayed appeal under Rule 5(A) in a summary ruling.  (Doc. 9, RX 6.)

The Sixth Circuit has found that a state court's refusal to allow filing of a delayed appeal under Rule 5(A) does not constitute an adequate ground to bar habeas review.  Deitz v. Money, 391 F.3d 804, 810-811 (6th Cir. 2004).  The court reasoned that, because Rule 5(A) does not specify the criteria that courts should use in determining whether to grant a delayed appeal, the decision to grant or deny a motion for leave is solely discretionary.  Id.  "A rule that grants such discretion to the courts is not 'firmly established and regularly followed' so as to be adequate within the meaning of Maupin."  Id. at 811 (citing Hutchison v. Bell, 303 F.3d 720, 738 (6th Cir. 2002), cert. denied, 539 U.S. 944 (2003)).

In Deitz, the state court had denied leave because the appellant had "failed to set forth sufficient reasons for having failed to perfect a timely appeal."  Id. at 810. Here, the state court's summary ruling did not set forth the basis for the court's decision.  See generally Wolfe, 267 F.Supp.2d at 747 (citing Schoenberger v. Russell, 290 F.3d 831, 835 (6th Cir. 2002)) (where state court does not articulate reasoning, habeas court conducts independent inquiry).

The court finds that Thompson has shown cause for his failure to file a timely appeal.  (Doc. 12, at 6-8, 12; doc. 15, at 2; see generally doc. 9, RX 3.)  In addition, because Thompson did not receive notice of his appellate rights, doc. 9, RX 3, and his motion for leave to file a delayed appeal was denied, doc. 9, RX 6, the court finds that he was actually prejudiced by the error.  Thus, Thompson's due process claim

11

is not barred by procedural default.  Therefore, the court considers this claim on its merits.

The decision to grant or deny a motion for leave to file a delayed appeal under Ohio App. Rule 5(A) is solely within the discretion of the court of appeals. <u>Granger v. Hurt</u>, No. 05-3275, 2007 WL 419637, at *9 (6th Cir. Feb. 8, 2007) (quoting <u>Deitz</u>, 391 F.3d at 811).  The Sixth Circuit has rejected an argument that a denial of leave for delayed appeal, where the appellant complied with Rule 5(A), violated his right to due process.  <u>Granger</u>, 2007 WL 419637, at *9.

However, a constitutional violation occurs when a criminal defendant is denied his right to appeal because he lacked knowledge of that right, and both the court and his counsel failed to advise him of his appellate rights.  <u>Hall v. Yanai</u>, No. 05-4006, 2006 WL 2787041 (6th Cir. Sept. 27, 2006) (per curiam), <u>cert. denied</u>, ___ S.Ct. ___ (June 11, 2007); <u>Jacobs</u>, 265 F.3d at 419 (citing <u>Goodwin v. Cardwell</u>, 432 F.2d 521, 522-23 (6th Cir. 1970)); <u>Wolfe</u>, 267 F.Supp.2d at 747.  <u>See generally</u> <u>Coleman</u>, 501 U.S. at 755-756; <u>Evitts v. Lucey</u>, 469 U.S. 387, 396-397 (1985); and <u>Douglas v. California</u>, 372 U.S. 353 (1963).

The court in <u>Wolfe v. Randle</u> addressed the requirements of notice:

> In order to be properly informed, a defendant must be told of his right to appeal, the procedures and time limits involved in proceeding with that appeal, and the right to have the assistance of appointed counsel for that appeal.  The petitioner bears the burden of showing by a preponderance of the evidence that he was not advised of his rights.  Further, a defendant cannot base a claim on the court's failure to inform him of his appellate rights if he has personal knowledge of these rights.

12

Wolfe, 267 F.Supp.2d at 748 (internal citations omitted).

Here, the trial court did not notify Thompson of his appellate rights.  (Doc. 1, at 2-3; doc. 9, RX 3; doc. 12, at 12; doc. 15, at 2.)  In addition, trial counsel did not inform Thompson of his appellate rights.  (Doc. 1, at 3-4; doc. 12, at 6-8; doc. 15, at 2.)  Thompson avers that he did not learn of his ability to appeal his sentence and guilty plea until April 2005, long after his January 2002 sentencing.  (Doc. 15, at 4.)  The normal thirty-day period for filing an appeal had long since passed, and his subsequent attempt to file a delayed appeal was fruitless.  (Doc. 9, RX 6.)

The court finds that the failure of the trial court to advise Thompson of his appellate rights, and his right to an attorney on appeal, and the appellate court's subsequent denial of his motion for leave for a delayed appeal, amounted to a constitutional violation which was contrary to  clearly established federal law.

## V.  INEFFECTIVE ASSISTANCE OF COUNSEL

The second ground of the petition is that Thompson "has been denied effective assistance of counsel as provided for by the Sixth Amendment of the United States Constitution."  (Doc. 1, at 3.)  The errors alleged included that counsel did not attend the sentencing hearing, that he failed to inform Thompson of his appellate rights, and that he failed to examine the record for grounds to appeal. Id. at 3-4.

Any ineffective-assistance claims that Thompson could have asserted in his direct appeal, but did not, would be defaulted under the Ohio doctrine of res

13

judicata.  <u>Coleman</u>, 244 F.3d at 538; <u>Szefcyk</u>, 77 Ohio St.3d 93, 671 N.E.2d 233 (syllabus); <u>Perry</u>, 10 Ohio St.2d at 176, 226 N.E.2d at 105-106 (syllabus, ¶9). Application of this Ohio rule satisfies the first three factors in <u>Maupin</u>.  <u>Jacobs</u>, 265 F.3d at 417.

The fourth factor is that the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error.  "Cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" which impeded the petitioner's efforts to comply with the state's procedural rule.  <u>Coleman</u>, 501 U.S. at 753.

In this case, cause for Thompson's failure to file a timely appeal is the fact that his counsel "never fully explained [his] rights.  He did not mention anything about [his] right to appeal anything or under what conditions [he] could appeal." (Doc. 15, at 2; doc. 1, at 3-4.)  Ineffective assistance of counsel can serve as cause to overcome procedural default.  <u>Smith v. Ohio, Dept. of Rehab. and Corr.</u>, 463 F.3d 426, 432 (6th Cir. 2006) (citing <u>Deitz</u>, 391 F.3d at 809).

Under the Sixth Amendment to the U.S. Constitution, "the right to counsel is the right to effective assistance of counsel."  <u>Joshua v. DeWitt</u>, 341 F.3d 430, 437 (6th Cir. 2003) (quoting <u>McMann v. Richardson</u>, 397 U.S. 759, 771 n.14 (1970)).  <u>See generally</u> <u>Coleman</u>, 501 U.S. at 755-756; <u>Evitts</u>, 469 U.S. at 396-397.  The Sixth Circuit discussed ineffective assistance of counsel in <u>Monzo v. Edwards</u>:

14

> To establish ineffective assistance of counsel under <u>Strickland</u> [<u>v.</u> <u>Washington</u>, 466 U.S. 668 (1984)], the defendant must show that his counsel's performance fell below an objective standard of reasonableness and that his counsel's errors were so serious as to prejudice the defendant.  Review of counsel's performance is highly deferential and requires that courts "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance."  To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."
>
> There is a right to effective assistance of counsel in connection with a defendant's first appeal of right.

<u>Monzo v. Edwards</u>, 281 F.3d 568, 579 (6th Cir. 2002) (internal citations omitted).

<u>See generally</u> <u>Evitts</u>, 469 U.S. 387; <u>Strickland</u>, 466 U.S. at 689 (two-part test).

The first issue is whether counsel's failure to advise Thompson of his appellate rights falls below an "objective standard of reasonableness."  In Ohio, a defendant who pleads guilty to a felony may appeal as a matter of right the sentence imposed.  Ohio Rev. Code § 2953.08(A).  The court does not find counsel's failure to advise him of this fundamental right to be within the scope of reasonable professional  representation.

An indigent defendant is denied equal protection of the law where the merits of an appeal as of right are decided without benefit of counsel.  <u>Douglas</u>, 372 U.S. 353.  Here, the merits of Thompson's appeal were not reached because of the failure of counsel to advise him of his right to appeal, and the failure of the trial court to advise him of his right to appellate counsel.  Courts also have found that "due

process is offended when a defendant who pled guilty is kept completely ignorant of his appellate rights." See, e.g., Wolfe, 267 F.Supp.2d at 746.

In Halbert v. Michigan, the Supreme Court affirmed that the Due Process and Equal Protection Clauses required the appointment of counsel for a convicted indigent defendant who sought appellate review in the state court of appeals.  The Court found that the defendant's plea did not waive his due process and equal protection rights to appointed counsel.  Halbert v. Michigan, 545 U.S. 605 (2005). See also Evitts v. Lucey, 469 U.S. 387 (1985); and Douglas v. California, 372 U.S. 353 (1963).  In addition, the Supreme Court has ruled that "where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request."  Swenson v. Bosler, 386 U.S. 258, 260 (1967) (per curiam).

Thompson has shown to the court's satisfaction that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Had counsel advised him of his appellate rights, there is a reasonable probability[3] that Thompson would have filed a timely appeal, and his appeal would not have gone unheard.  Although Thompson may or may not have prevailed on appeal, the rights at issue here are his right to effective assistance of counsel, and his right to be advised of his appellate rights.

---

3Thompson avers that he learned of his right to appeal in April 2005, and promptly moved for leave to file a delayed appeal on May 6, 2005.  (Doc. 15, at 4; see generally Smith, 463 F.3d at 435.)

16

The court finds that the failure of counsel to advise Thompson of his appellate rights, and his right to an attorney on appeal, which resulted in a delayed filing and the appellate court's subsequent denial of his motion for leave for a delayed appeal, amounted to a constitutional violation which was contrary to clearly established federal law.

## IV.  SUMMARY

The petition for a writ of habeas corpus should be granted.  Thompson should be released from custody within ninety (90) days, unless the state grants him leave to file a delayed appeal.

## RECOMMENDATION

It is recommended that the petition be granted.

Dated:  July 12, 2007                          /s/ Kenneth S. McHargh
                                               Kenneth S. McHargh
                                               United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

17