**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Theodore Thompson,** | ) | **CASE NO. 1:05 CV 2750** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Julius Wilson, Warden,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Respondent.** | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge McHargh (Doc. 16) which recommends granting of the Petition for Writ of Habeas Corpus now pending before the Court. For the following reasons, the Report and Recommendation is ACCEPTED.

**Introduction**

Petitioner, Theodore Thompson, commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated after entering a guilty plea in the Cuyahoga County Court of Common Pleas. This matter has been fully briefed and the Magistrate Judge issued his Report and Recommendation recommending that the

1

Petition for Writ of Habeas Corpus be granted. Respondent has filed Objections to the Report and Recommendation.

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation."

**Discussion**

On December 6, 2001, petitioner was indicted by a grand jury on three counts: 1) possession of drugs (cocaine) in violation of Ohio Rev. Code § 2925.11, with major drug offender and firearm specifications pursuant to Ohio Rev. Code § 2941.141; 2) drug trafficking, in violation of Ohio Rev. Code § 2925.03, with major drug offender and firearm specifications pursuant to Ohio Rev. Code § 2941.141; and 3) possession of criminal tools, in violation of Ohio Rev. Code § 2923.24, with a firearm specification pursuant to Ohio Rev. Code § 2941.140.

On January 25, 2002, petitioner entered a plea of guilty to Amended Count Two, drug trafficking in cocaine in an amount exceeding 1,000 grams, in violation of Ohio Rev. Code §§ 2925.03(A) and (C)(4)(g). The remaining counts were nolled. At the plea proceedings, petitioner was represented by stand-in counsel, attorney Elliott Resnick, who represented petitioner's co-defendant. Resnick was standing in for petitioner's assigned defense attorney, Richard Agopian, who was unavailable

That same date, petitioner was sentenced to a term of ten years imprisonment, pursuant to Ohio Rev. Code § 2925.03 (C)(4)(g), less credit for jail time, and post release

control for a term of five years.

Plaintiff did not file a timely appeal of his sentence, but filed a motion for leave to file a delayed appeal under Ohio App. R. 5(A) on May 6, 2005. Petitioner, proceeding *pro se,* asserted therein that the delay was "the direct result of trial court's failure to inform him of his right to appeal and that but for the deficiency of his counsel, he would have timely appealed."  In a lengthy memorandum of support, petitioner asserted that neither the trial court nor his counsel informed him of his appeal rights.  Accordingly, petitioner did not believe he had the right to appeal his sentence.  Petitioner also submitted an affidavit wherein he averred to the same.  He proposed six assignments of error:

> 1. The trial court erred when it sentenced the appellant to a sentence which was above the maximum sentence. The appellant had never served any prison term. Therefore, the defined maximum sentence in this case is three years. An obvious violation of the defendant's Sixth Amendment rights has occurred, as especially held under *State v. Comer*, 793 N.E.2d 473, *Apprendi v. New Jersey*, 120 S.Ct. 2379, *Blakely v. Washington*, 124 S.Ct. 2531 (2004), *State v. Bruce*, 2005-Ohio-373, *State v. Montgomery*, 2005-Ohio-1018.
>
> 2. The trial court erred in sentencing the appellant as a Major Drug Offender. The plea agreement waived all specifications, including the MDO specification, creating a breach of the plea agreement contract when the MDO was applied. This was an abuse of discretion by the trial court and a violation of [the] Fifth Amendment.
>
> 3. The Major Drug Offender (MDO) statute of the Ohio Revised Code is a direct conflict of law in that the enhancement is an unconstitutional enhancement as applied to appellant's rights under law. Sixth Amendment principles must apply to the Ohio Revised Code. Failure of the Code to protect its citizens' rights is a violation of the Fourteenth Amendment.
>
> 4. The sentence was contrary to law in that the court in that the appellant [sic] was not given the option of having relevant findings proved at a sentencing hearing held before a jury. Appellant's Sixth and Fourteenth Amendment rights were infringed upon as he was denied

3

    due process by being denied the right to have a jury sit at sentencing.

    5. Appellant was deprived of his procedural due process rights under the Fourteenth Amendment by being denied a forfeiture hearing. Appellant's Eighth Amendment rights against excessive fines were also violated when the court erred in ruling that he had agreed to a voluntary forfeiture when, in fact, the record will show that the defendant never waived his rights to a forfeiture hearing. Also, Fifth Amendment protection against Double Jeopardy may have been abused because a forfeiture is considered an additional form of punishment and the appellant was denied forfeiture of property without due process.

    6. Trial counsel provided ineffective assistance of counsel which prejudiced the appellant with his deficient performance during the criminal proceedings, including counsel's nonappearance at the sentencing hearing and the subsequent failure to object to any sentencing irregularities and deficiencies which brought undue harm to the appellant. The appellant's guilty plea was induced by counsel's erroneous advice. According to the Sixth Amendment, the appellant has the right to effective counsel at every stage of the judicial process.

The appellate court denied leave to appeal in a summary ruling on June 6, 2005. On July 5, 2005, petitioner appealed to the Supreme Court of Ohio which denied leave to appeal on October 5, 2005.

    Petitioner thereafter filed the instant Petition.  He sought leave to expand the record for the purpose of submitting his own affidavit.  Respondent did not oppose the request, and the Magistrate Judge granted the motion and permitted filing of the affidavit.  The affidavit avers the following in relevant part.  Attorney Agopian was appointed to represent petitioner after his arrest. After a couple conversations, Agopian informed petitioner that he was able to reach a ten-year deal in exchange for a guilty plea.  Petitioner accepted the plea deal, but was never informed by Agopian of his right to appeal.  When petitioner was brought before the judge, Agopian was not present and petitioner was informed that his co-defendant's lawyer would

4

represent him. Petitioner entered the plea and the judge told him that he had no choice but to sentence him to 10 years in prison. The judge did not say anything about petitioner's appeal rights or his right to appellate counsel. In April 2005, during a conversation with a prison legal services clerk regarding minimum sentences for first time offenders, petitioner learned that he had the right to appeal his sentence. (Doc. 15)

The Petition asserts two grounds for relief:

1. Petitioner was denied due process and equal protection of the law, when the trial court did not inform him of his appellate rights and his subsequent application for leave to file a delayed appeal was denied, in violation of the Fourteenth Amendment to the United States Constitution.

2. Petitioner has been denied effective assistance of counsel as provided for by the Sixth Amendment of the United States Constitution.

The Magistrate Judge determined that petitioner's failure to raise his due process claim upon direct appeal would result in a likely bar by the Ohio rule of res judicata, but that petitioner has demonstrated cause for his failure to file a timely appeal in that neither the trial court nor trial counsel informed or advised petitioner of his right to appeal. Additionally, the Magistrate Judge found that petitioner was actually prejudiced by the constitutional error in that he did not receive notice of his appellate rights and his motion for leave to file a delayed appeal was denied. Accordingly, the claim was reached on the merits and the Magistrate Judge concluded that the failure of the trial court to advise petitioner of his appellate rights and his right to an attorney on appeal, and the appellate court's subsequent denial of his motion for leave to file a delayed appeal, amounted to a constitutional violation.

The Magistrate Judge similarly determined that petitioner's counsel's failure to advise

5

petitioner of his fundamental right to appeal his sentence was outside the scope of reasonable professional representation, and that the merits of the appeal were not reached due to counsel's failure and the trial court's failure. Had counsel advised petitioner of his appellate rights, there is a reasonable probability that petitioner would have filed a timely appeal and that the appeal would not have gone unheard.

Accordingly, the Magistrate Judge recommended that the Petition be granted and that petitioner be released from custody within 90 days, unless the state grants him leave to file a delayed appeal. For the following reasons, this Court agrees.

Respondent argues that petitioner cannot show prejudice from the failure to advise him of his appeal rights because each of the proposed six assignments of error have no merit and, accordingly, the failure to advise him of his right to appeal was harmless error.[1] Respondent, however, points to *Peguero v. United States,* 119 S.Ct. 961 (1999), wherein the Supreme Court held that the district court's failure to advise the defendant of his right to appeal his sentence did not entitle him to collateral relief where he knew of his right to appeal and, thus, he suffered no prejudice by the omission. Here, petitioner asserts that he was unaware of his right and was not informed by counsel or the court that he was entitled to pursue an appeal. Additionally, a motion

---

[1] Respondent did not argue in its Return of Writ that the Petition was barred by the statute of limitations, but submitted that petitioner should file an affidavit stating when he first discovered his right to a direct appeal. Although petitioner's affidavit was filed more than one year before the Report and Recommendation was issued, respondent presented no further argument that the Petition should be time-barred. In its Objections, respondent now argues that the affidavit fails to demonstrate due diligence and, therefore, the Petition is barred by the statute of limitations. The Court disagrees in that the affidavit explains that petitioner did not learn of his right to appeal until April 2005 and moved for leave to file a delayed appeal on May 6, 2005.

6

for leave to file a delayed appeal is governed by Ohio App. R. 5(A), which only requires that a defendant delineate the reasons as to why he was unable to file a timely appeal.  Petitioner, who filed the *pro se* motion, merely asserted the grounds upon which he intended to pursue his claim if his appeal was permitted to go forward.  Due process requires that a defendant be informed of his appeal rights, including the right to counsel on a first appeal.  If leave to file the delayed appeal had been granted, the appellate court would have to have appointed counsel to pursue the appeal.  Counsel would not necessarily have raised the same grounds for relief proposed by petitioner.  Thus, this Court, cannot apply the harmless error standard and evaluate the proposed grounds for relief asserted by petitioner.   The court of appeals, in its summary ruling, did not articulate its reasoning in denying petitioner's motion for leave to file a delayed appeal.  That court's decision denying leave to appeal after petitioner was not informed of his right was an unreasonable application of clearly established Supreme Court precedent which holds that the Constitution is violated if a convicted defendant is not given the right to appeal because of his lack of knowledge of his right and the failure of his counsel or the court to advise him of such. *Wolfe v. Randle,* 267 F.Supp.2d. 743 (S.D.Ohio 2003) (citations omitted).  Accordingly, the Court agrees with the Magistrate Judge that petitioner must be released from custody within 90 days, unless the state grants him leave to file a delayed appeal.

Because habeas relief is warranted as to the first ground asserted in the Petition, the Court need not proceed to whether the second ground has merit as well.

**Conclusion**

For the foregoing reasons, and for those stated in the Report and Recommendation which is incorporated herein by reference, the Report and Recommendation of the Magistrate Judge is

hereby ACCEPTED.

        IT IS SO ORDERED.

                              /s/ Patricia A. Gaughan
                              PATRICIA A. GAUGHAN
                              United States District Judge

Dated: 10/24/07